# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**HEATHER BENNETT,**

        **Plaintiff,**

**-vs-**        Case No. 6:08-cv-611-Orl-28GJK

**D.L.S. MARKETING, LLC d/b/a XTREME ACCESSORIES,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW (Doc. No. 26)** |
| **FILED:** | **March 9, 2009** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

Plaintiff and Defendant jointly move the Court to approve their settlement of Plaintiff's claims pursuant to the Fair Labor Standards Act ("FLSA") (the "Motion"). Doc. No. 26.

Pursuant to *Lynn's Food Stores, Inc. v. United States Department of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982) judicial review and approval of this settlement is necessary to give it final and binding effect. As the Eleventh circuit held in *Lynn*:

> [t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them. . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness.

*Id*. at 1352-53. Before approving an FLSA settlement, the court must scrutinize it to determine if it is "a fair and reasonable resolution of a bona fide dispute." *Id*. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id* at 1354.

In determining whether the settlement is fair and reasonable, the Court should consider the following factors:

> (1) the existence of collusion behind the settlement;
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits;
> (5) the range of possible recovery; and
> (6) the opinions of counsel.

*See Leverso v. South Trust Bank of Ala. Nat. Assoc.*, 18 F. 3d 1527, 1531 n. 6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-1592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3, (M.D. Fla. January 8, 2007). Counsel for Plaintiff must disclose the extent to which Plaintiff's FLSA claim has or will be compromised by the deduction of

attorneys' fees, costs or expenses pursuant to a contract between Plaintiff and her counsel, or otherwise. *See Silva v. Miller*, No. 08-12011, 2009 WL 73164 (11th Cir. Jan. 13, 2009). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Cotton v. Hinton*, 559 F. 2d 1326, 1331 (5th Cir. 1977).

### A. Wages

The Court has reviewed the proposed settlement as required by *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982). The case involved disputed issues of FLSA coverage, which constitutes a bona fide dispute. Each party was represented by independent counsel, who were obligated to vigorously represent their client. Plaintiff Heather Bennett originally claimed damages in the amount of $2,182.00 (which includes liquidated damages) plus attorney's fees and costs. Doc. No. 26 at 3. The parties agreed to settle her claim for $750.00. *Id.* Plaintiff agreed to drop her overtime compensation claim in exchange for full relief on her unpaid wages claim. *Id.*

### B. Attorney's Fees

Pursuant to the proposed settlement, Plaintiff's counsel will receive $1,250.00 in attorney's fees and costs. Doc. No. 26 at 4. Plaintiff states that this amount is less than the lodestar amount currently expended by Plaintiff, but Plaintiff's counsel has agreed to the reduced amount in an effort to resolve the case. *Id.* According to Plaintiff, the lodestar amount totals $2,207.00.

1. Hourly Rate

Plaintiffs' counsel, C. Ryan Morgan, calculated the lodestar amount at a rate of $300.00 per hour for his services. Doc. No. 23-2 at 3. Mr. Morgan states that he has been a continuous member of the Florida Bar since 2005 and has practiced law for three years. *Id*. Mr. Morgan states that a reasonable hourly fee for a lawyer with similar experience is $300.00 per hour. *Id*. Mr. Morgan cites to *Brown v. Compass Rose Foundation, Inc.*, Case No.: 2:08-cv-413-FtM-99DNF (M.D. Fla. Aug. 11, 2008), as evidence that he has previously been awarded an hourly rate of $300.00 per hour. *Id*. The hourly rated approved by the Court in *Brown* resulted from a joint settlement agreement where the parties negotiated at arms length. *Brown*, Case No.: 2:08-cv-413-FtM-99DNF (M.D. Fla. Aug. 11, 2008) (Doc. Nos. 20-23).

In *Girke v. Camillo Home Builders of Orlando*, LLC, Case No.: 6:08-cv-461-Orl-28KRS, Doc. No. 12 (M.D. Fla. May 29, 2008), an FLSA default case, Mr. Morgan requested an hourly rate of $300.00 per hour. *Id*. However, Mr. Morgan was ultimately awarded a reasonable hourly rate of $145.00 per hour. *See Girke*, Case No.: 6:08-cv-461-Orl-28KRS, Doc. Nos. 13-14.[1] In *Smith v. Richard's Restoration, Inc.*, Case No. 6:05-cv-1072-Orl-DAB, Doc. No. 61 at 3 (M.D. Fla. Jan. 8, 2007), the Court specifically noted that a $300.00 hourly rate for FLSA cases was "far greater than those usually awarded in this District for like work. . . ." *Id*. Thus, considering the Orlando market, the complexity of the work, and Mr. Morgan's fee awards in similar case, the Court finds that an hourly rate of $150.00 for Mr. Morgan is appropriate.

---

[1] In *Cruz v. Petty Transportation, LLC*, Case No.: 6:08-cv-498-Orl-22KRS, Doc. Nos. 37-38 (M.D. Fla. Nov. 21, 2008), Mr. Morgan was also awarded a reasonable hourly rate of $145.00 per hour. *Id*.

In regard to paralegal Claudia Silva, the affidavit states that she spent .8 hours of work on this case at a rate of $95.00 per hour. Ms. Silva has been a paralegal since 1995. The Court finds her hourly rate reasonable.

    2. <u>Reasonable Number of Hours</u>

Counsel submitted a detailed Time Sheet showing the work performed by Mr. Morgan and Ms. Silva in this case. Doc. No. 27-2. After reviewing the Time Sheet, the undersigned finds that the amount of time spent on the case was reasonable. Accordingly, the total number of reasonable hours of work spent by counsel in this case is 5.9. *Id.* At a reasonable hourly rate of $150.00 per hour, the total attorney's fee award is $885.00. Ms. Silva's total number of reasonable hours of work in this case is 4.6 hours. At a reasonable rate of $95.00 per hour, the total fee award is $437.00. The grand total attorney's fee award under lodestar would total $1,322.00. Plaintiffs incurred costs in the amount of $462.60, which the undersigned finds are reasonable. Doc. No. 27-2 at 4. Thus, because the attorney's fees and costs under lodestar are greater than the amount pursuant to the proposed settlement, the Court recommends that the fees sought under the proposed settlement are reasonable.

**IT IS RECOMMENDED THAT**:

    1.    The Court grant the Motion; and

    2.    The Court dismiss the case with prejudice and direct the Clerk to close the case.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an

aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on May 4, 2009.

Copies furnished to:
The Honorable John Antoon II

_____
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE